DLD-036                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3036
_____

TERRY L. PERKINS,
                                    Appellant
v.

RONNIE HOLT, WARDEN
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 09-CV-02508)
District Judge:  Honorable John E. Jones, III
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 12, 2010

Before:  BARRY, FISHER and STAPLETON, Circuit Judges

(Opinion filed : December 3, 2010)
_____

OPINION
_____

PER CURIAM

        Terry L. Perkins appeals from the order of the United States District Court for the

Middle District of Pennsylvania dismissing his habeas petition filed under 28 U.S.C.

§ 2241.  We will affirm the District Court's order.

        Perkins, a federal prisoner incarcerated in Pennsylvania, pleaded guilty to a drug

charge and to possession of a firearm by a convicted felon, and was sentenced on March 14, 2000, by the United States District Court for the District of Connecticut. Perkins filed an unsuccessful direct appeal. On July 9, 2001, he filed his first motion pursuant to 28 U.S.C. § 2255, which was denied on September 6, 2002. The United States Court of Appeals for the Second Circuit denied a certificate of appealability. Perkins subsequently filed two more unsuccessful § 2255 motions, two unsuccessful motions for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2), and an unsuccessful Petition for Writ of Error Coram Nobis in state court.

On December 21, 2009, Perkins filed the § 2241 petition at issue here, raising the claim that his federal sentence was unconstitutionally enhanced because the enhancement was based on an uncounseled state court conviction. Perkins argued that "[t]here can be no time limitations or procedural bar to correcting the Sixth Amendment violation" of being convicted in the absence of an attorney to defend him, as set forth in Gideon v. Wainwright, 372 U.S. 335 (1963). Petition, p.5. The District Court denied the petition. We have appellate jurisdiction pursuant to 28 U.S.C. § 1291.

As the District Court properly noted, a section 2255 motion filed in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence. See Davis v. United States, 417 U.S. 333, 343 (1974); In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997). A federal prisoner challenging his conviction can seek relief under section 2241 only if the remedy provided by section 2255 is inadequate or ineffective to test the legality of his detention. See 28 U.S.C.

2

§ 2255; In re Dorsainvil, 119 F.3d at 249-51.  Perkins argues that he cannot challenge the state court conviction under § 2254, since he is no longer in custody for that violation. He argues that a state court conviction cannot be invalidated via a § 2255 motion,[1] and that he thus must be allowed to proceed via § 2241.  Perkins argues that where there is a Gideon violation, no procedural bars apply, but his argument is refuted by the very cases he cites.  For example, in Daniels, the Court held that "[a] defendant may challenge a prior conviction as the product of a Gideon violation in a § 2255 motion, but generally only if he raised that claim at his federal sentencing proceeding."  Similarly, in Lackawanna County District Attorney v. Coss, 532 U.S. 394, 404 (2001), the Court held that a § 2254 petitioner can challenge an expired state sentence used to enhance a current state sentence where the prior conviction was the product of a Gideon violation, but that, "[a]s with any § 2254 petition, the petitioner must satisfy the procedural prerequisites for relief including, for example, exhaustion of remedies."  Thus, a Gideon violation does not eliminate the need to follow the proper procedures.

A section 2255 motion is not "inadequate or ineffective" merely because the petitioner cannot meet the stringent gatekeeping requirements of section 2255, Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002), or because the sentencing court does not grant relief, Cradle v. United States ex rel. Miner, 290 F.3d 536, 539 (3d Cir. 2002) (per curiam).  Rather, the "safety valve" provided under section 2255 is extremely narrow and has been held to apply in unusual situations, such as those in which a prisoner has

---

[1] UButU UseeU discussion of UDaniels v. United StatesU, 532 U.S. 374, 382

had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in law.  See Okereke, 307 F.3d at 120 (citing In re Dorsainvil, 119 F.3d at 251).

Perkins' situation is not the rare one rendering section 2255 inadequate or ineffective.  Perkins has not been convicted of an offense that was later found to be non-criminal.  Instead, Perkins raises arguments concerning his sentence that could have been raised at his federal sentencing proceeding, on direct appeal, or in his § 2255 motion.  That Perkins has already unsuccessfully pursued a section 2255 motion in the sentencing court and now faces a statutory bar to filing another one does not show the inadequacy of that remedy.

We have considered the record and Perkins' arguments in his memoranda in opposition to summary action.  Because no substantial question is presented by this appeal, we will summarily affirm the District Court's judgment.  See Third Circuit LAR 27.4 and I.O.P. 10.6.[2]

_____

(2001), UinfraU.

[2] Perkins' appeal of the July 9, 2010, District Court order dismissing his motion for reconsideration is dismissed as moot, as the District Court later agreed to consider his motion for reconsideration.  The District Court order entered October 12, 2010 will be affirmed, as the Court did not abuse its discretion in denying Perkins' motion for reconsideration.  Perkins' motion to hold the case in abeyance is denied as moot.  His motion for appointment of counsel is denied.